Filed 8/29/24  In re Kima H. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re Kima H., et al., Persons Coming Under the Juvenile Court Law. | B337212 (Los Angeles County Super. Ct. No. 19CCJP01271) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. RENEE J. Defendant and Appellant. | |

THE COURT:

In a prior appeal in this matter, Renee J. (mother) and Calvin N. (father) contended the juvenile court and the Los Angeles County Department of Children and Family Services (Department) failed to satisfy their inquiry duties under the federal Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.).[1]  Pursuant to a stipulation by the parties, this court conditionally reversed the court's order terminating parental rights pursuant to section 366.26 and remanded for ICWA compliance.  Following further proceedings on remand, the court reinstated its termination order.  Mother now appeals.

After mother's appointed counsel filed an opening brief stating that he found no arguable issues (see *In re Phoenix H.* (2009) 47 Cal.4th 835 (*Phoenix H.*)), mother filed a supplemental letter on her own behalf.  We have evaluated the record as well as the arguments presented in mother's supplemental letter, conclude there was no error, and dismiss this appeal pursuant to *Phoenix H.* and *In re Sade C.* (1996) 13 Cal.4th 952 (*Sade C.*).

## FACTS AND PROCEDURAL BACKGROUND[2]

Mother gave birth to Kima H. in March 2017.  Kimo H., Kima's biological father, died in September 2018.  Mother and father began dating and mother gave birth to Alexandra N. (born

---

1      All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2      The sole issue raised in mother's appeal is ICWA compliance, and we accordingly focus on the facts bearing on that issue.

August 2020). Father is the biological father of Alexandra and the presumed father of Kima.

On March 8, 2021, the juvenile court exerted dependency jurisdiction over Kima and Alexandra based on the parents' history of domestic violence and father's substance abuse (§ 300, subds. (a) & (b)). In connection with the initial detention hearing, mother and father filed Judicial Council ICWA-020 Parental Notification of Indian Status (ICWA-020) forms indicating no Native American ancestry; at the detention hearing mother and father orally confirmed that they "d[id] not have any Native American Indian heritage in [their] background"; and the juvenile court made a finding that ICWA did not apply to these children.

On March 1, 2022, the juvenile court exerted dependency jurisdiction over Emani, a child mother gave birth to in January 2022, based on the finding that Emani's siblings were current dependents due to the domestic violence. (See § 300, subd. (j).) Once more, mother filed an ICWA-020 form indicating no Native American ancestry, and the juvenile court made a finding that ICWA did not apply to Emani.[3]

In August 2022, the court terminated the parents' reunification services with respect to all three children and scheduled a permanency planning hearing under section 366.26 for December 8, 2022.

On November 16, 2022, less than one month before the scheduled hearing, mother for the first time claimed Native American ancestry through maternal great-grandfather. The

---

[3] Mother subsequently identified Collier B. as Emani's biological father. Collier B. denied paternity and denied having any Native American ancestry.

3

Department spoke to maternal grandfather who identified his father as a chief of a Cherokee tribe in Oklahoma, but was unable to provide his father's full name, date/place of birth, date/place of death, prior addresses, or any other identifying information or information about the tribe.

In early 2023, the Department sent notices to the relevant Cherokee tribes, and responses were received from those Cherokee tribes indicating the children were not eligible or recognized members of the tribe.

At the August 22, 2023 section 366.26 hearing, the Department reported it had no new ICWA-related information. The court confirmed its finding that ICWA did not apply, terminated parental rights, and designated adoption as the permanent plan.

Mother and father appealed. The sole basis for both appeals was the alleged failure to comply with the inquiry requirements of ICWA.

On January 23, 2024, this court found that although the parents would not have met their burden to demonstrate prejudice under *In re Dezi C.* (2022) 79 Cal.App.5th 769, 774, revd. (Aug. 19, 2024, S275578) __ Cal.5th __ [2024 Cal. Lexis 4634], it was nevertheless appropriate to accept the parties' stipulation to conditionally reverse the juvenile court's order terminating parental rights pursuant to section 366.26 and remand to the juvenile court with the following directions:

"1.    The Department shall make reasonable efforts to interview known and available maternal and paternal extended family members, as well as extended family members of K[ima].H.'s presumed father, regarding whether any of the children is or may be an Indian child;

4

2. The Department shall document its efforts to interview the extended family members regarding whether any of the children is or may be an Indian child and provide a detailed report to the juvenile court with said documentation and the results of its interviews;

3. At a noticed hearing, with counsel for mother and father reappointed, the juvenile court is to ensure adequate inquiry and any necessary notice has been made and make ICWA findings as to the children. If the juvenile court finds ICWA is not applicable, the order terminating mother's and father's parental rights shall remain the order of the court. If notice is required pursuant to ICWA and a federally recognized tribe determines that any of the children is an Indian child, the court shall proceed in compliance with ICWA as to the child(ren)."

On January 26, 2024, the juvenile court reappointed counsel for mother and father and scheduled a new section 366.26 hearing.

On May 2, 2024, the court held the continued 366.26 hearing. The Department submitted reports documenting their efforts to inquire into possible Native American ancestry through mother, mother's sister, and father with respect to all three children, and Kimo H.'s brother and sister, with respect to Kima. The court asked counsel for each parent whether they were aware of any further ICWA inquiry that needed to be made, and each attorney replied in the negative. The court found that the Department had discharged their duty of inquiry; found that ICWA did not apply; and reinstated the order terminating parental rights.

Mother timely appealed.

5

## DISCUSSION

After examining the record, mother's appellate counsel filed an opening brief which raised no issues, and advised mother that she could request permission from this court to file a supplemental brief upon a showing of good cause that an arguable issue exists. (*Phoenix H.*, *supra*, 47 Cal.4th at pp. 843-844.)

On July 29, 2024, mother filed a seven-page letter brief in which she questions the reasonableness of the Department's efforts. First, mother concedes the Department contacted the relevant Cherokee tribes—ostensibly, in relation to the maternal relatives—but contends the Department was obligated to also contact the Bureau of Indian Affairs (BIA) because Kima's paternal aunt, in her response to the ICWA inquiry, stated: "I am not exactly sure of the Indian heritage and ancestry, or if we are linked to a tribe," thereby suggesting a possible Native American heritage unconnected to any specific tribe. Mother is incorrect. The disclosure of *possible* ancestry for a child through *unknown* tribes does not *obligate* the Department to contact the BIA. Section 224.2, subdivision (e)(2) describes a three-step process. First, the agency must interview the parents, Indian custodian, if any, and extended family members to gather relevant information. (§ 224.2, subd. (e)(2)(A).) If this information provides something useful in determining whether the child may be an Indian child or may lead to additional information being uncovered by the BIA, the agency may take the next step of contacting the BIA and the State Department of Social Services to see what additional information they can provide. (§ 224.2, subd. (e)(2)(B); *In re J.S.* (2021) 62 Cal.App.5th 678, 689 (*J.S.*).) The third step requires the agency to contact tribes that

6

may reasonably be expected to have information regarding the child's membership to obtain additional information. (§ 224.2, subd. (e)(2)(C).) Thus, before the Department's duty to contact the BIA is triggered, the Department must have some reason to believe that the BIA might have useful information regarding a child's tribal membership. Here, they did not. "Without the identity of a tribe, let alone a federally recognized one, or at least a specific geographic area of possible ancestry origin, the [BIA] could not have assisted the Department in identifying the tribal agent for any relevant federally recognized tribes." (*J.S.*, at p. 689.) Contacting the BIA would have been an idle act. (Civ. Code, § 3532 ["[t]he law neither does nor requires idle acts"].)

Second, mother contends that a reasonable ICWA inquiry obligated the Department to send written notices to the various relatives instead of "mere phone calls(s)." Mother does not cite, nor is there any, authority for this proposition.

Third and lastly, mother contends the Department gave up its investigation too soon and did not allow the various relatives enough time to research their family trees. We begin by noting that on remand, mother, when specifically asked, did not object to the adequacy of ICWA inquiry or notice before the juvenile court. More to the point, mother at bottom challenges the juvenile court's determination that the Department's inquiry into possible Native American heritage was adequate. In *In re Dezi C.*, *supra*, __ Cal. 5th __ [2024 Cal. Lexis 4634], different majorities of our Supreme Court held such determinations are reviewed for substantial evidence (*id.* at pp. *18-*19, *33), and do not require an exhaustive inquiry that "leave[s] no stone unturned" (*id.* at pp. *56 (conc. opn. of Kruger, J.), *84-*92 (dis. opn. of Groban, J.)). Substantial evidence supports the juvenile court's

determination of an adequate inquiry in this case.

In this case, mother's supplemental brief identifies no arguable issues on appeal. Mother has not raised any arguable issues regarding the sufficiency of the evidence supporting the juvenile court's findings and orders. We accordingly dismiss mother's appeal. (*Phoenix H.*, *supra*, 47 Cal.4th at p. 846; *Sade C.*, *supra*, 13 Cal.4th at p. 994.)

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

ASHMANN-GERST, Acting P. J., CHAVEZ, J., HOFFSTADT, J.